Case 10-44610  Doc 79  Page 1 of 19

FILED
January 05, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003190778

| | |
|---|---|
| 1 | 19 |
| 2 | David J. Boyer, Esq. (SBN 195265) |
|   | Robert J. Jackson & Associates, Inc. |
| 3 | 4199 Campus Drive, Suite 700 |
| 4 | Irvine, California 92612-2698 |
|   | (949) 854-2244 |
| 5 | Attorney for Movant |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

JAMES L. MACKLIN

      Debtor(s)

_____

DEUTSCHE BANK NATIONAL TRUST COMPANY
      Movant,
Vs.

JAMES L. MACKLIN, Debtor, and Thomas A. Aceituno, Trustee,

      Respondents.

_____

Chapter: 7 (Converted from Ch. 13)

Case No.: SAC-10-44610-RS

Docket Control No. DJB-002

**MOVANT'S REPLY BRIEF TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF OF AUTOMATIC STAY (UNLAWFUL DETAINER)**

DATE: February 3, 2011
TIME: 9:30AM
DEPT.: E – Courtroom – 33
ADDRESS: 501 I St., Sacramento, Ca
JUDGE: Ronald H. Sargis

Introduction

 Movant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche" or "UD Plaintiff") seeks relief from the automatic stay of the bankruptcy code which arose from James L. Macklin's ("Macklin") bankruptcy filing on 09/16/2010, so that UD Plaintiff may proceed to judgment in the post foreclosure unlawful detainer action, case number MCV45238 ("UD action"). UD Action Plaintiff filed a motion for summary judgment in the UD Action which was heard on 09/16/2010, the very day of Macklin's bankruptcy filing. To supplement this Reply, Movant supplies the court with conformed copies of the pleadings in that action which evidence that Debtor in fact filed an opposition to that motion similar to that which is filed in response to this motion. The tentative ruling in the UD Action was to grant the motion for summary judgment, and award UD Plaintiff judgment for

- 1 -

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER). FACA6111

possession.  At the time of the hearing, Macklin appeared with documentation that he had filed this bankruptcy petition.  Therefore, the motion for summary judgment was granted only as to Macklin's co-defendant, and dropped as to Macklin, pending the receipt of an Order granting Deutsche's motion for relief from stay.

Moving Party then filed this motion.   The motion was opposed, which opposition is supported by **NO independent** evidence (except recorded documents which are self authenticating) and consists primarily of allegations that this court must ignore the recorded foreclosure deed because that deed is allegedly a nullity because of a variety of allegations based on information and belief.   In essence, this Opposition is a pleading which seeks to set aside a recorded foreclosure deed.   This court asked for briefing on whether or not the Motion should be granted given the Opposition.

This motion is a rarity.   The court has an unpublished 9th Circuit BAP opinion, which is directly on point.  While, out of abundance of caution due to the importance of this issue, a very extensive Reply is filed (with supplemental documents), the motion should be controlled by *Hamilton v. Hernandez* (In Re Hamilton) (9th Cir. BAP, 2005)  2005 Bankr. Lexis 3427.   That case is <u>**directly**</u> on point and mandates the motion be granted.    In truth, the entire Reply could simply be recitation of that case and its holding.    Because of the importance of this issue, a very detailed Reply is filed, the vast majority of which is, in reality, supplemental.

# I
# SUMMARY OF
# THE FACTUAL SETTING

This is a motion which seeks to allow the purchaser at a foreclosure sale to seek possession of the purchased property in state court.  It is NOT asking this court to determine the validly of the foreclosure sale (yet that is precisely what the Opposition seeks).  Thus, the court has before it (1) a recorded foreclosure deed which vests title in Movant as the purchaser at the foreclosure sale and which, under California state law, is evidence of a validly conducted foreclosure sale (CC § 2924(c)), (2) a state court order in the unlawful detainer action (made against other parties in title) that this foreclosure sale was conducted in conformity with California law, and (3) an opposition which asks this court to bar the state court from determining the rights of the Movant to possession under state law

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER). FACA6111

based on mere allegations that the recorded foreclosure deed should be ignored because it is void based on variety of factual allegations, the most familiar being that the motion is not supported by allegations on the possession of the original promissory note.

II

SUMMARY OF

LEGAL ISSUE PRESENTED

**LEGAL ISSUE #1.   MAY THIS COURT ENTERTAIN AN ATTACK ON A RECORDED FORECLOSURE DEED AS A DEFENSE TO THIS MOTION?**

Under the holding of *Hamilton v. Hernandez* (In Re Hamilton) (9th Cir. BAP, 2005) 2005 Bankr. Lexis 3427, which will be detailed in depth in the "ANALYSIS" section of this Opposition, the Opposition is not well taken and the Motion must be granted.    Granted this opinion is not published, its holding is not binding, but its reasoning is submitted to be sound and should be followed by this court.

**LEGAL ISSUE #2.  IS THIS OPPOSITION BARRED BY THE DOCTRINE OF COLLATRAL ESTOPPEL?**

Assuming arguendo that this Court finds that *In Re Hamilton* should not be followed (it should be), then the court must face a series of additional issues.  The first is whether or not this Opposition is barred by the doctrine of collateral estoppel.  In fact, this Opposition is a simple "rehash" of the exact argument made and rejected in state court.   Movant has a final state court judgment as to all occupants (and prior owner in title) but Debtor.  The state court action was heavily litigated.   Movant provides the court copies of all these pleadings (See Declaration of Amy Starrett).    This Opposition is, in reality, an attempt to get a 'second bite of the apple' and, if not barred by the holding of *In Re Hamilton*, it is barred by the doctrine of collateral estoppel.

**LEGAL ISSUE #3.   IF THE OPPOSITION IS NOT BARRED BY EITHER THE REASONING OF *IN RE HAMILTON* OR COLLATERAL ESTOPPEL, WHAT ARE THE EVIDENTIARY/BURDEN OF PROOF STANDARDS?**

Assuming arguendo that the Opposition is not barred by either the holding of *In Re Hamilton* or the doctrine of collateral estoppel (both of which apply), the issue becomes what is the evidentiary

standard for such an attack on a recorded foreclosure deed. The Debtor presents NO evidence whatsoever to back up its legal arguments. What are the evidentiary standards for this type of Opposition and what are the burdens of proof? There are really four distinct standards: (a) a claim that Movant has failed to state a prima facie case for Relief from Stay (the "foreclosure deed is not enough" standard), (b) a claim that the opposition is to be (i) treated as a pleading attacking the foreclosure sale in which (ii) the facts plead are to be assumed true and (iii) the motion must be denied unless the Opposition fails to plead facts which can constitute a cause of action to set aside the recorded foreclosure deed ( Rule 12(b)(6) standard), (c) the Relief from Stay is treated as a motion for summary judgment and to defeat it all that is needed is to raise a triable issues of fact on the ability to set aside the recorded foreclosure deed (the Summary Judgment standard), or (d) must the Debtor provide admissible evidence as the right to set aside plus show a reasonable probability of success on the merits (the 'injunction standard").

As the court has NO independent evidence presented by the Debtor in Opposition to the motion, the only possible standards are (a) failure to prove prima facie case ("foreclosure deed is not enough" standard) and (b) the allegations in the opposition are enough ("the Rule 12(b)(6)") standard.

**LEGAL ISSUE #4. TO PREVAIL IN A POST-FORECLOSURE MOTION FOR RELIEF TO SEEK POSSESSION, IN ADDITION TO THE PRODUCTION OF AN ADMISSIBLE COPY OF THE RECORDED FORECLOSURE DEED MUST THE PURCHASER AT A FORECLOSURE SALE ALSO PRODUCE PROOF OF POSSESSION OF THE ORIGINAL PROMISSORY NOTE PART OF ITS PRIMA FACIE CASE?**

The argument that the Movant must "produce the note" as part of its prima facie case is contrary to (a) the reasoning of *In Re Hamilton* and (b) the **holdings** in a significant line of case in federal cases interpreting CA law (several in this District) which uniformly hold that possession or non-possession of the original promissory note is not grounds to set aside a recorded foreclosure deed in an independent action filed exclusively for that purpose.

**The court is asked to note the significant distinction between this motion, filed <u>AFTER</u> the recordation of the foreclosure deed by the purchaser at foreclosure sale and a motion filed <u>PRIOR</u> to recordation which seeks permission to foreclose.** In this motion, standing is granted by

the recorded deed; in the pre-vesting motion to foreclose, standing is granted by ownership of the note. To compare the two motions is (to borrow a phrase from Mark Twain) to compare "lightning to a lightning bug."

**LEGAL ISSUE #5.   MAY THIS COURT CONSIDER AN ATTACK ON A RECORDED FORECLOSURE DEED WHICH STATE LAW BARS FROM BEING CONSIDERED IN AN ACTION FOR POSSESSION ONLY?**

Assuming arguendo (1) the Opposition is not barred either (a) by the holding in *In Re Hamilton* or the (b) doctrine of collateral estoppels and the court adopts the "Rule 12(b)(6)" standard for this motion (which it should not), as will be set out in the legal analysis section, California law bars the making of the arguments made in the Opposition in an action for possession only.   In fact, the state court has already so ruled as to the other parties in possession.  The issue is whether or not this court may impose a higher standard for the right to possession than state law.   Movant submits that this court may not and should not do so.  Hence, even under the "Rule 12(b)(6)" standard, the Opposition fails.

**LEGAL ISSUE #6.   MAY THIS COURT IGNORE A RECORDED FORECLOSURE DEED WITH NO EVIDENCE TO SUPPORT THE ALLEGATIONS ATTACKING ITS VALIDITY?**

To reach this issue, one must assume arguendo that (a) the Opposition is not barred by the holding of *In Re Hamilton,* (b) the Opposition is not barred by the doctrine of collateral estoppel, (c) the Opposition is not barred by the legal rules applicable to state court actions for possession, and (d) the Opposition is not barred by the state court doctrines applicable to actions to set aside recorded foreclosure deeds.  Assuming arguendo all of these items, then the issue is what evidence must the Debtor produce to prevail on its theories.   For example, the Debtor argues that the note and its security were not properly transferred to the Trust and attach an unsubstantiated copy of the Trust Agreement for that position.   At minimum, the evidence required would be direct evidence on when the loan was purchased by the Trust and when the loan documents (and which ones) were transferred to the Trust. In addition, as the Trust transfer is covered by New York law, the court would then need briefs on how New York law would apply to these unknown facts.   Every argument made in the

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER).  FACA6111

Opposition suffers from the same limitation - no evidence.  The Opposition is, at core, a complaint to set aside a recorded foreclosure deed which (as hopefully this Reply makes clear) would probably not survive a Rule 12(b)(6) motion to dismiss.  As such, the filing of these allegations does not and must not be allowed to defeat this Motion.

### III.

### LEGAL ANALYSIS

### 1. AN ATTACK ON A RECORDED FORECLOSURE DEED IS NOT A PROPER DEFENSE TO A POST FORECLOSURE MOTION FOR RELIEF FROM STAY SEEKING POSSESSION OF THE FORECLOSED PROPERTY.

Movant submits this court should follow the unpublished opinion of *Meran Hamilton v. Cho Cho Hernandez (In re Hamilton)*, 2005 Bankr. LEXIS 3427.  While not binding precedent, the case is identical to this case and its reasoning is sound.  Thus, it is cited for persuasive value (9th Cir. BAP Rule 8013-1).   In that case, as in this one, the bankruptcy case was filed after the recordation of the foreclosure deed.   In that case, as in this one, the Debtor claimed the recorded foreclosure deed was void.  The grounds for that attack were much stronger in *In re Hamilton* than it being made in that case was the foreclosure sale was held in opposition to a contract to stay the foreclosure.   In that case, like this, the purchaser at the foreclosure sale sought relief from stay to seek possession in state court.  In that case, **unlike this one,** the Debtor also filed an adversary complaint to set aside the foreclosure sale.

Finally, in *In Re Hamilton,* as in this case, the Debtor opposed the Motion for Relief making almost the exact same type of argument as is being made by Debtor – the deed is void and I still own the property.

The trial court granted the Motion, the Debtor appealed and the BAP affirmed the granting of the motion.

In affirming the granting of the motion, the BAP faced two related issues, the controlling one in this case being the argument that the claimed invalidity of the foreclosure deed had to be considered in the Relief from Stay motion.  The BAP rejected this argument.  Because this section of the opinion is controlling, it is cited at length:

> "Section 362(d)(2) provides relief from the automatic stay when the debtor has no equity in the property and the property is not necessary to an effective reorganization. Both elements of the test must be met. See, e.g., *In re Egea*, 167 B.R. 226 (Bankr. D. Kan.. 1994)

1. Debtor has No Equity in the Property

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in the property. Section 362(g). Hamilton asserts that Hernandez did not meet her burden in proving that Hamilton did not have equity in the Property. Hernandez claims that equity is defined as "the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors." (cites omitted). Hernandez contends that after deducting Hamilton's secured claims and the homestead exemption, there would be nothing left for any unsecured creditors. The Ninth Circuit has held that equity is "the amount or value of a property above the total liens or charges." (cite omitted).

But both parties are missing the point. Here, Hamilton did not have equity in the Property at the time of filing his bankruptcy petition because, as stated above, *he no longer held the title* to the Property as of the date of filing. The Property was purchased by Hernandez prior to Hamilton's bankruptcy filing. Thus any equity that Hamilton had in the Property before the foreclosure sale was lost when Hernandez purchased it. Therefore, Hamilton did not have any equity in the Property for purposes of stay relief analysis.

2. The Property is Not Necessary for an Effective Reorganization

Hamilton asserts that the Property is necessary for an effective reorganization because he lives in the Property with his wife and two minor sons. Again, because Hamilton did not own the Property as of the date of filing his bankruptcy petition, the property cannot be necessary for Hamilton's effective reorganization." (Emphasis the court's)

It would be hard to find clearer reasoning.  For purposes of this motion, there are only two issues: (a) equity in the asset and (b) necessary to an effective reorganization.  The court in *In Re Hamilton* holding that the recordation of the foreclosure deed, for **purposes of this motion only**, is determinative is well reasoned and well founded.  Movant could not make the argument any better, and hence cites the BAP.

Thus, the Debtor is free to pursue a state court action to set aside the recorded deed or to file an adversary complaint in this case.  But, this defense is not proper to defeat this motion.

**2. THE COURT SHOULD FOLLOW THE STATE COURT JUDGMENT AGAINST A CO-DEFENDANT IN THE PENDING UNLAWFUL DETAINER ACTION ("COLLATERAL ESTOPPEL").**

The state court eviction case was heavily litigated.  Movant has filed with the court copies of all relevant state court pleadings.  In the state court action, there were two defendants, Debtor and his son. Both raised the same issues as are raised in the Opposition.  Movant filed a motion for summary

judgment, which Debtor and his son both opposed.  The state court issued a tentative ruling granting the motion as to both defendants.  Debtor then filed this petition.  The State Court Judgment then GRANTED the motion as to the non-filing occupant and continued the motion as to Debtor.

First, this timing combined with the Opposition is solid evidence of filing for an improper purpose – forum shopping to stay in possession.  Second, the court now has a state court judge's ruling on this issue under state law.  While this ruling entered post-petition and hence, is not entitled to formal collateral estoppel recognition (See *In Re Timothy Ray Waugh* (Bankruptcy Court, ND of IN, 2009) 2009 Bankr. LEXIS 254 ("… as a general rule,  a bankruptcy court must apply the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel) to prepetition state court judgments…"), this ruling is certainly persuasive authority on the validity of the claims being made under state law.   It makes little sense to have a state court ruling on the same theories on the same property go one way and have this court rule directly contrary.

3. **ASSUMING ARGUENDO THAT THE OPPOSITION IS NOT BARRED BY EITHER (A) THE REASONING OF *IN RE HAMILTON* THAT DEED RECORDATION IS DETERMINATIVE OF TITLE FOR PURPOSES OF THIS MOTION OR (B) THE DOCTRINE OF COLLATERAL ESTOPPEL, THEN THE COURT SHOULD PLACE THE BURDEN ON DEBTOR NECESSARY TO OBTAIN AN INJUNCTION.**

Assuming arguendo that this court rejects both the reasoning of *In re Hamilton* that, for purposes of this motion, the deed recordation is determinative of title and the use of collateral estoppel ("two bites of the apple" and 'forum shopping"), then the court must decide the evidentiary and burden of proof standards.   Movant suggests that there are four possible standards: (a) a claim that Movant has failed to state a prima facie case for Relief from Stay (the "foreclosure deed is not enough" standard), (b) a claim that the opposition is  to be (i) treated as a pleadings attacking the foreclosure sale in which (ii) the facts plead are to be assumed true and (iii) the motion must be denied unless the Opposition fails to plead fact which can constitute a cause of action to set aside the recorded foreclosure deed (Rule 12(b)(6) standard),  (c) the Relief from Stay is treated as a motion for summary judgment and to defeat it all that is needed is to raise a triable issues of fact on the ability to set aside the recorded foreclosure deed (the Summary Judgment standard), or (d) must the Debtor  provided admissible

evidence as the right to set aside plus show a reasonable probability of success on the merits (the 'injunction standard").

The Movant submits that, if the court is not going to treat the deed recordation as determinative, it must be given at least "presumptive" validity and place the burden of showing its invalidity on the Debtor.  Movant strongly opposes this standard as its adoption would turn every Relief from Stay motion into a "quiet title action" with the bankruptcy court having to take some type of evidence (to be discussed in additional points) on the issue of the validity of the foreclosure sale.   This is the position of the BAP in *In Re Hamilton*.  If the court is going to allow for an attack on the validity of the recorded foreclosure deed in defense to this motion, then Movant submits the court must give the recorded deed its evidentiary due and place the burden on the Debtor to produce evidence which, under state law, is grounds to set aside the deed.  If the court adopts this standard, then it must then also decide the level proof, which Movant submits should be the legal standard to obtain an injunction.

Thus, the rejection of the standard of *In Re Hamilton* means that this court must adopt a standard for review of evidence and law on the validity of a foreclosure sale in the context of a motion for relief from stay to seek possession.   The depth of complexity in such an endeavor shows the wisdom of the reasoning of *In Re Hamilton*, but if forced to "go there", Movant suggests that this court require the Debtor so show evidence that shows a probable validity of the success in its defense to the right for possession.   As the next points will make clear, under the facts before the Court on this motion, no defense to the Motion exists.   The next point will start with the well known (and uniformly rejected) defense of "produce the note".

**4.  AS A MATTER OF LAW, POSSESSION OR NON-POSSESSION OF THE ORIGINAL PROMISSORY NOTE IS NOT A DEFENSE TO THIS MOTION.**

One of the defenses to the motion made is the foreclosure deed is void because the Movant did not possess the original promissory note.  A most generous reading of the Opposition is that possession of the promissory note is a required part of the Movant's prima facie case to obtain Relief from Stay.  This position is contrary to the legal standard which exists in this District on this precise issue.  There are numerous reported CA federal district court opinions on the issue of possession or non-possession of the original promissory note as grounds to set aside a recorded foreclosure deed.  The rulings are

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER).  FACA6111

uniform: possession or non-possession of the original promissory note has no impact whatsoever on the validity of the recorded foreclosure deed.  Two cases in this line are *Reynoso v. Paul Financial LLC* (2009, USDC, ND of CA) 2009 US Dist. LEXIS 106553 and *Pok v. American Home Mortgage Servicing, Inc.* (Feb., 2010, USDC, ED of CA.  Of this exact issue, the Court in *Pok,* stated:

> "As previously mentioned, there is no requirement for the production of the original Note to institute a non-judicial foreclosure in California."

*Reynoso v. Paul Financial LLC*, supra, states:

"Contemporary case law is clear, "Under Civil Code section 2924, no party needs to possess the original promissory note". (*Siciaros v. NDEX West, LLC,* 2009 U.S. Distr. LEXIS 11223, (SD Cal., 2009)"

Obviously, if non-possession of the original note is not grounds to set aside the recorded foreclosure deed, that defense cannot be raised in this motion.

This "produce the note" issue emphasizes the difference between this post-vesting motion for relief from stay seeking possession only and a pre-vesting motion for relief from stay to foreclosure.  The difference between the two motions is "night and day".   In the pre-vesting motion, the original promissory note is needed to show standing to bring the motion.  In this post-vesting motion to seek possession, the foreclosure deed provides the standing and the original promissory note is completely irrelevant.

5. **UNDER CALIFORNIA LAW, AS A MATTER OF LAW, THE OPPOSITION FAILS TO RAISE DEFENSE TO AN ACTION FOR POSSESSION.**

The general rule of law is that this court is bound by state law rules.  (See *In Re Timothy Ray Waugh* (Bankruptcy Court, ND of IN, 2009) 2009 Bankr. LEXIS 254 ("… the "basic Federal Rule" in bankruptcy is that State Law governs the substance of claims…")).  Thus, in reviewing this motion, this court is bound by California law on the right to possession in a post-foreclosure setting.  Under that law, the Opposition raises no defense to the right to possession.  Under CA law, if the Debtor wishes to remain in possession of a foreclosed property, the Debtor must file a separate action and seek to remain in possession as a result of that action.   There are three legal doctrines that lead to this result: the "limited scope" rule, the "tender" rule, and the "prejudice" rule.   Any one of these bar this Opposition.  Before explaining the rules, Movant points out that this court has a true rarity: a ruling by

- 10 -

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER). FACA6111

a state court on the EXACT issues against a co-occupant. If such a ruling is not evidence of state law, it is hard to imagine what would constitute such evidence.

**A. "LIMITED SCOPE" RULE**

For over seventy (70) years, California law has limited the scope of the title issues that can be litigated in a post foreclosure action. This rule was summarized in *MCA, Inc. v. Universal Diversified Enterprises Corp.* (1972) 27 Cal.App.3d 170, where the appellate court affirmed the granting of a motion for summary judgment in a post-foreclosure unlawful detainer. In *MCA, Inc. v. Universal Diversified Enterprises Corp.*, supra, the defendant alleged as a defense to the post-foreclosure unlawful detainer that the beneficiary and the purchaser at the foreclosure sale had colluded to obtain title from defendants (Page 175, fn 6), obviously a claim that fraud had occurred in the foreclosure sale itself. In affirming the granting of the motion for summary judgment, the appellate court stated:

> " 'In our opinion the plaintiff need only prove a sale in compliance with the statute (Civ. Code § 2924) , followed by a purchase at such sale and the defendant may only raise objection only as to that phase of title '(cites omitted). 'Irrespective of the merits of (other) defenses raised by the answer, the alleged equitable equitable grounds of attack on plaintiff's title have no place in the present summary proceeding….Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in plaintiff's title, are neither properly raised n this summary proceeding for possession (*Code Civ. Proc., § 1161a, subd 3*) nor are they concluded by the judgment.' (cites omitted)
> As a consequence, defendant's attacks on plaintiff's title other than by attempting to show plaintiff's noncompliance with *Civil Code section 2924* did not constitute valid defenses to plaintiff's action, and therefore do not raise triable issues of fact." (at 176-177)

**B. TENDER RULE.**

For over a century, California law has required any former owner who seeks to set aside a foreclosure sale for any irregularity in the foreclosure process to tender the full amount as a precondition to seeking to set aside the sale.

The case which contains perhaps the most detailed explanation of the rule is *Karlsen v. American Savings and Loan Association* (1971) 15 Cal.App.3d 112. In that case, the foreclosing lender allegedly orally promised to continue the foreclosure sale and then, per Mr. Karlsen, then held the foreclosure sale in breach of that promise. The court in that case held that a pre-condition to suing to

set aside the sale, Mr. Karlsen had to tender in cash the full amount due on the loan in order to attack the foreclosure sale. The legal distinction is between what is called "voidable" for which tender is required and "void" for which tender is not.

Examples of "voidable irregularities" in the foreclosure process which require tender are (a) an allegation that the foreclosure sale is void due to the sale being held in violation of an automatic stay (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101), (b) the alleged listing of the incorrect amount due in the notices (*FPCI RE-HAB 01 v. E.G. Investments Ltd* (1989) 207 Cal.App,.3d 1018), and (c) the foreclosing lender providing an incorrect foreclosure sale date to a second lien holder, who relied on the incorrect information and failed to show up at the sale (*Arnold's Management Corporation v. Eschen* (1984) 158 Cal.App.3d 575).

The rule's purpose is very simple: why set aside a foreclosure on a technical ground only to force the foreclosing lender to redo it, unless the borrower has the financial means to pay off the loan? To so vacate a foreclosure sale would simply give the party attacking the foreclosure sale cost free living based on a technicality while forcing the foreclosing lender to insure the property, pay the property taxes, have the occupant not maintain the property and bear the market risk of further declines in value.  (See *Karlsen v. American Savings and Loan Association,* supra, at 120).

In *MCA, Inc. v. Universal Diversified Enterprises Corp.* supra, the appellate court in a motion for summary judgment in a post foreclosure eviction **held** that the tender rule applied to defenses in a post-foreclosure unlawful action which seek to set aside the foreclosure sale. (at 177).  Thus, the tender rule is binding the types of defenses alleged by Macklin in this limited court, and, as will be shown by the below analysis, is dispositive of the title defenses in this case.

//

//

## C. PREJUDICE RULE

The third legal principle involved in setting aside a recorded foreclosure deed is, assuming no tender is required, the moving party must prove two elements (a) an error in the foreclosure process **and** (b) prejudice flowing from that error.

The rule is summarized in *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.* (2001) 85 Cal.App.4th 1279 as follows:

" 'As a general rule, there is a common law *rebuttable* presumption that a foreclosure sale has been conducted regularly and fairly.' (cite omitted) Accordingly, '(a) successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale **that caused prejudice to the person attacking the sale**.'(cites omitted)" (at 1284) (bold added)

Examples of this doctrine include,

- *Crummer v. Whitehead*, supra, a post foreclosure unlawful detainer case, in which the judgment for possession was affirmed, where is was admitted that a notice required to be sent registered mail was in fact by regular mail instead.  The evidence showed that the occupant had actually received the notice through her attorney.  The Court refused to allow this technical defense in the post-foreclosure unlawful detainer because:

    "Notice sent by regular mail and **actually received,** when notice by registered mail is required, is nevertheless valid notice". (at 268) (emphasis added)

- *Lehner v. United States* (9th Cir., 1982) 685 F.2d 1187, where the court upheld a foreclosure sale where the notice was mailed to the wrong address.

- In *Crist v. House & Osmonson, Inc.* (1936) 7 Cal.2d 556, where Court upheld a foreclosure sale in which the legal description in the foreclosure notices as defective in that such description included property previously released.  In affirming the sale, the Supreme Court said the error was not "…of such a substantial nature that prejudice (was) likely to result to the trustors…"(at 559)

- *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, a case in which the appellate court upheld the granting of a **summary judgment** in a **post-foreclosure unlawful detainer** (the exact motion before this court) where the notice of sale was prematurely given.  In so ruling, the court stated:

    > "There is no evidence that they were prejudiced by the premature mailing of the notice." (at 96).

The rule of (a) procedural defect plus (b) prejudice is applicable to this post-foreclosure eviction under both *Crummer v. Whitehead*, supra and *Knapp v. Doherty*, supra.

Most recently, a federal court in *Pantoja v. Countrywide Home Loans, Inc.* (2009, USDC, ND of CA) 604 F.Supp. 2d 1177, the court dismissed attacks on the content of the notice similar to those in the case with the following recitation of the law:

"...Plaintiff alleges that the notice of default was deficient in that it did not properly identify the beneficiary, as required by Cal. Civ. Code § 2924c(b)(1). … Courts have rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity. Knapp v. Doherty, 123 Cal. App. 4th 76 (Ct. App. 2004); see also Lehner v. United States, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (upholding a sale where the borrower did not have any written notice because the borrowers actual notice negated any claim of prejudice). Since Plaintiff does not allege that he suffered prejudice as a result of the deficiency of notice, Plaintiff fails to state a claim under Rule 12(b)(6)."

For sake of brevity, Movant will not take each argument made in the Opposition and show how each such argument is barred by each of these doctrines.  If the court wishes such an analysis it will be presented, but it is hoped that the Court will take judicial notice of the ruling on this issue by the State Court.

### D.  ATTACK ON THE SUBSTITTUTION OF TRUSTEE

The only argument made with an additional twist is the attack on the Substitution of Trustee, which is a variant on the attack on the recorded foreclosure deed.  This attack is subject to the "limited scope" rule, the "tender" rule, and the "prejudice" rule plus a <u>conclusive</u> presumption of CC § 2934a(d).

The law on this point is set out in is *Dimock v. Emerald Properties* (2000) 81 Cal.App. 4th 868. ("Dimock")   In that case, as in this one, a substitution of trustee was recorded during a non-judicial foreclosure process.   In Dimock, the **original** trustee which was substituted out completed the service of the Notice of Sale, held the foreclosure sale, and signed the foreclosure deed.  In Dimock, the property was sold **third party.**  By **separate** action, the former owner attacked the foreclosure sale, arguing that under CC § 2934a, only the substituted trustee had the authority to give the Notice of Sale, hold the sale, and sign the deed.   The appellate court held the sale conducted by the wrong trustee was void.   In doing so, the court stated:

"Under the unambiguous terms of section 2934a, subdivision (a)(4), the recording of the substitution  of trustee transferred to Calmco the exclusive power to conduct a trustee's sale." (at 874-875)

The court went on to hold that as the wrong trustee held the sale, the sale was void.  Of the reasoning for this ruling, the court stated:

> "Our reading of the statute is also consistent with practical necessity: there simply cannot be at any given time more than one person with the power to conduct a sale under a deed of trust. We would create inestimable levels of confusion, chaos and litigation were we to permit a beneficiary to appoint multiple trustees, each one retaining the power to sell a borrower's property."  (at 876)

This point was reiterated in *Pro Value Properties v. Quality Loan Services Corp* (2009) 170 Cal.App.4th 579, a case in which the defendant trustee filed a Notice of Sale and sold the property **third party** without recording a Substitution.   The defendant trustee conceded the sale was void and that case deals solely with the damages to the third party caused by the conduct of the trustee in failing to have a substitution filed.

Thus, to set aside the recorded Substitution of Trustee is to set aside the recorded foreclosure sale. Hence, an attack on the Substitution of Trustee is subject to the "limited scope" rule, the "tender" rule and the "prejudice" rule.

Thus to allow this type of an attack, if allowed by simple defense as in a motion like this, would wreck havoc on all foreclosure sales, as any recorded foreclosure deed is only as good as the

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER). FACA6111

Substitution of Trustee.  In 1998, the Legislature resolved this issue with the passage of CC§ 2934a(d), which provides:

> "…Once recorded, the substitution of trustee shall constitute **conclusive evidence** of the authority of the substituted trustee or his or her agents to act pursuant to this section." (emphasis provided)

Thus, the attack on the Substitution of Trustee is barred by the conclusive presumption of CC § 2934a(d).  This attack is also barred by barred by the "prejudice" rule, as Macklin cannot have any prejudice whatsoever by the alleged defect.  If not so barred, it is also barred by the tender rule, as the "wrong party signing" is clearly a defect in the foreclosure process covered by that rule.  This is exactly the type of alleged defect that "tender" rule was created to halt – a technical claim made solely to force a redoing of the foreclosure process by a borrower who lacks the means to bring the loan current (and in the facts of this case, clearly has no intention to do so).  The court should not be confused about the claim that under the *Dimock v. Emerald Properties*, supra, any attack on the recorded Substitution of Trustee is not subject to the "tender" rule.   This argument confuses two totally different legal procedures.   Where the foreclosure sale is <u>conceded</u> to be held by a **wrong trustee (not of record)** the sale is void and the tender rule does not apply.   However, that is not the case in this argument.   In this argument, Macklin is seeking to set aside the recorded Substitution of Trustee and, as set forth above, once that Substitution is set aside, then as a matter of law, the foreclosure sale is invalid.   The cause of action to set aside a recorded foreclosure deed is subject to the "tender' rule;  a cause of action to set aside a foreclosure sale held by a trustee not of recorded is a totally distinct case.

Finally, assuming arguendo the argument is not barred by either the "prejudice" rule or the "tender" rule, then its assertion is barred by the "limited scope" rule, with this claim only be able to be asserted in a separate action, not in defense to this summary process action for possession only.

//

- 16 -

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER). FACA6111

6. **ASSUMING ARGUENDO THAT THE COURT DOES NOT ACCEPT THE RULE OF IN RE HAMILTON, DOES NOT BAR THE OPPOSITION UNDER "COLLATERAL ESTOPPEL" ( FORUM SHOPPING/RULING BY STATE COURT AGAINST CO-OCCUPANT),  AND FINDS THAT THE OPPOSITION IS NOT BARRED BY THE CALIFORNIA LAW DOCTRINES OF THE "LIMITED SCOPE" RULE, THE "TENDER" RULE, AND THE "PREJUDICE" RULE, THEN THE OPPOSITION STILL FAILS FOR LACK OF EVIDENCE.**

The final stop on this analysis is the lack of evidence to back up the legal arguments made in the Opposition.  For example, the claim is made that the trust of which Movant is Trustee never acquired title to the note and its security interest. The only evidence supplied on this issue is the PSA downloaded from the internet.   If this issue is to be litigated, evidence would be needed to be provided on (a) if the Trust actually entered into a contract for paid money for this note and its security interest, (b) if so, when was this done and with what documentation, and (c) what documents were delivered to the Trust.   In addition, the PSA is subject to New York law and hence, the issue of whether or not the Trust actually acquired title to the note and its security interest is a question of New York law.   The Opposition lacks the back up evidence and provides no analysis whatsoever of New York law.  Every factual argument made in the Opposition suffers from the same defect.

The Opposition is, at core, a complaint to set aside a recorded foreclosure deed masquerading as an Opposition to a Motion for Relief from Stay.   As such, it is not evidence of the allegations made (any more than the allegations of a complaint entitle the Plaintiff to judgment).   If this type of Opposition is to be allowed (which it should not be), then at minimum, it must be supported by evidence would justify the granting of a preliminary injunction under state law:  an evidentiary showing of reasonable probability of success, which this Opposition clearly fails to do.

### CONCLUSION

The Motion must be granted for the following reasons:

1. In the context of a motion for relief to seek possession by a purchaser at the foreclosure sale, the recordation of the deed is determinative of the issue of title.  If the Debtor wishes to stay in

possession, it must be done as part of a separate action to set aside the recorded deed.  (See *In Re Hamilton*).

2. Assuming arguendo that the court does not hold the deed recordation determinative, the state court unlawful detainer was heavily contested on the same issues as raised in the Opposition.  The Petition was filed only after the tentative ruling in state court was issued granting the motion.   The state court then granted Movant Judgment as to a co-occupant.  Both the timing of this filing and the state court ruling on the issue present in the Opposition require the Motion be granted.

3. Assuming arguendo that the court does not hold deed recordation as determinative and that the result of the litigation is not found persuasive on the right to file the Opposition, then the court must decide the evidentiary/burden of proof issues.  While Movant strenuously opposes reaching this point, if the court should rule that the deed recordation is not determinative, then the court should rule that the deed recordation set up a rebuttable presumption of the right of the Movant to possession which the Debtor can rebut only by competent evidence demonstrating under CA law the Debtor has a reasonable chance of being allowed to stay in possession, which standard the Opposition fails woefully to meet.

4. Assuming arguendo that the court does not accept the deed recordation as determinative of the issue of title for purposes of this motion and will allow a defense by attack on the validity of the recorded foreclosure deed, then, as a matter of law, under clear holding of this District Court, the 'failing to produce the original note" defense does not constitute a defense to this Motion.

5. Assuming arguendo that the court does not accept the deed recordation as determinative of the issue of title for purposes of this motion and will allow a defense by attack on the validity of the recorded foreclosure deed, then each additional defenses alleged in the Opposition is barred by each of the following doctrines:  the "limited scope" rule, the "tender" rule, and the "prejudice rule" and, for the attack on the Substitution of Trustee only, the conclusive presumption of CC § 2934a.

MOVANT'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER).  FACA6111

6. Assuming arguendo that the court does not accept the deed recordation as determinative of the issue of title for purposes of this motion and will allow a defense by attack on the validity of the recorded foreclosure deed and the court finds that any of the theories attacking the recorded foreclosure deed are not barred by CA law as set for in Point 5, then such theories lack sufficient evidentiary support to defeat this Motion.

Accordingly, Movant respectfully requests that this Motion be granted.

Date:   January 5th, 2011                                  Robert J. Jackson & Associates, Inc.


                                                           By:  /s/ David J. Boyer
                                                                DAVID J. BOYER