FILED
June 13, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003558002

**2**

Holly S. Burgess (State Bar No. 104575)
LAW OFFICES OF HOLLY S. BURGESS
680 Auburn-Folsom Road, Suite 109
Auburn, CA 95603
(530) 889-8900-Telephone
(530) 392-4641-Direct Dial
(530) 820-1526-Facsimile
hollyburgess@lohsb.com

Attorneys for Plaintiff/Debtor
JAMES L. MACKLIN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>    JAMES L. MACKLIN,<br><br>                  Debtor,<br><br>_____<br><br>JAMES L. MACKLIN,<br><br>                  Plaintiff,<br><br>-vs.-<br><br>DEUTSCHE BANK NATIONAL TRUST CO., AS INDENTURE TRUSTEE FOR THE ACCREDITED MORTGAGE LOAN TRUST 2006-2 ASSET-BACKED NOTES; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Debtor's title thereto; and CORRESPONDENT DOES 1-10, Inclusive,<br><br>                  Defendant. | CHAPTER 7<br><br>CASE NO. 2010-44610<br><br>DCN: HSB-002<br><br><br><br>ADV. NO. 11-02024-E<br><br><br><br>Date: June 30, 2011<br>Time: 10:30 p.m.<br>Place: 501 I Street, 6th Floor, Courtroom 33<br>          Sacramento, California |

**DECLARATION OF HOLLY S. BURGESS IN SUPPORT OF MOTION TO COMPEL CHAPTER 7 TRUSTEE TO ABANDON PROPERTY OF THE ESTATE**

I, Holly S. Burgess, declare as follows:

1. I am the attorney of record for Debtor/Plaintiff, James L. Macklin in the above-

-1-

1 | entitled actions.

2 |     2.    The facts set forth herein are known to me personally, and if called upon to testify,
3 | I could and would competently testify thereto.

4 |     3.    I have had several telephone and email conversations with the office of Thomas
5 | Aceituno regarding abandonment of the subject property.

6 |     4.    On May 9, 2011, Mr. Aceituno stated that Plaintiff/Debtor should file the motion to
7 | compel the trustee to abandon the property of the estate and that he would file a non-opposition to
8 | this motion to compel the trustee to abandon property.

9 |     5.    Since the court's order directing service of the motion of all creditors, I had another
10 | conversation with Mr. Aceituno on June 9, 2011.  He explained to me that counsel for Deutsche
11 | did speak with him about settling the case after they received Debtors motion and the stipulation
12 | by the trustee to abandon.  He stated that while no specific numbers were discussed, that he, Mr.
13 | Aceituno, would not consider settlement with Deutsche for anything less than "substantial
14 | numbers."  Mr. Aceituno indicated that Deutsche has not made any offer of settlement to the
15 | trustee at the time of our conversation on June 9, 2011.

16 |     6.    During our telephone conversation of June 9, 2011, Mr. Aceituno stated he had not
17 | made up his mind yet about whether to retain the claim against Deutsche or to abandon it.  He
18 | stated he wanted to discuss the matter further.

19 |     7.    In discussing the property value with Plaintiff/Debtor, I was advised by Mr.
20 | Macklin that the current value of the property is in the range of $280,000 to $300,000.

21 | I declare under penalty of perjury of the laws of the United States of America that the
22 | foregoing is true and correct and that this declaration was executed on June 10, 2011, at Placer
23 | County, Auburn, California.

    /s/ Holly S. Burgess
    HOLLY S. BURGESS